# Exhibit A –
# Plaintiff's Complaint

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF INGHAM

TERESA J. SCHMIDT,

    Plaintiff,

Case No. 20-_390_-NO
Honorable JUDGE JAMES S. JAMO

LOWE'S COMPANIES, INC.,
LOWE'S HOME CENTERS, INC., and
LOWE'S HOME CENTERS, LLC,

    Defendants.

---

Daniel S. Zick (P77950)
Sinas, Dramis, Larkin,
Graves & Waldman, P.C.
Attorneys for Plaintiff
3380 Pine Tree Road
Lansing, MI 48911-4207
(517) 394-7500

2020 JUL 23 A 8: 12
BARB BYRUM
CLERK OF THE 30th
JUDICIAL CIRCUIT COURT
FILED

---

## COMPLAINT AND DEMAND FOR JURY

*THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THIS COMPLAINT.*

NOW COMES Plaintiff, Teresa J. Schmidt, by and through her attorneys, Sinas, Dramis, Larkin, Graves & Waldman, P.C., and for her Complaint against Defendants Lowe's Companies, Inc., Lowe's Home Centers, Inc., and Lowe's Home Centers, LLC, states as follows:

    1.    Plaintiff Teresa J. Schmidt (hereinafter *"Plaintiff"*) is a resident of the City of Holt, County of Ingham, State of Michigan.

---

SINAS DRAMIS
LAW FIRM
Since 1951

Lansing, Michigan
Grand Rapids, Michigan
Kalamazoo, Michigan
St. Clair Shores, Michigan
Chicago, Illinois

sinasdramis.com

2.  Defendants Lowe's Companies, Inc., Lowe's Home Centers, Inc., and Lowe's Home Centers, LLC, (hereinafter collectively referred to as "*Defendants Lowe's*") are affiliated corporations with principal places of business located in North Carolina.

3.  At all relevant times herein, Defendants were the owners and operators of the Lowe's Home Improvement store located at 6821 S. Cedar Street, City of Lansing, County of Ingham, State of Michigan.

4.  The incident which is the subject matter of this lawsuit occurred in Lansing, Ingham County, Michigan.

5.  The amount in controversy herein exceeds the sum of $25,000, thereby properly vesting jurisdiction in this Honorable Court.

6.  On or about July 24, 2017, Plaintiff was a patron and invitee at the Lowe's Home Improvement store located at 6821 S. Cedar Street, Lansing, Michigan. On that date, Plaintiff was shopping in the outdoor garden center of Lowe's for plants needed for her landscaping business.

7.  As Plaintiff was checking out with the plants she had purchased in the garden center area, Plaintiff reached for a plastic self-serve bag that was located at the end of the check out lane. Unknown to Plaintiff, Lowe's employees had placed a rock on top of the stack of plastic bags to prevent them from blowing away in the wind. As Plaintiff reached for a plastic bag, she was unable to see this rock as the bags in the stack were blocking her view of the rock.



SINAS DRAMIS
LAW FIRM
Since 1951

Lansing, Michigan
Grand Rapids, Michigan
Kalamazoo, Michigan
St. Clair Shores, Michigan
Chicago, Illinois

sinasdramis.com

8. As Plaintiff attempted to pull a plastic bag from the stack, the rock that had been placed there by Lowe's employees rolled off of the end of the checkout lane, and fell directly onto her left foot, causing serious traumatic injuries to her left foot.

9. At all relevant times herein, there were no warning signs, safety measures in place, or other visible warnings or notifications regarding the rock which had been placed by Defendants Lowe's employees at the end of the checkout lane.

10. As a direct and proximate result of the negligence of Defendants Lowe's and/or their agents and/or employees, Plaintiff has suffered serious impairment to her health, strength, and activity and has experienced nerve damage and complex regional pain syndrome in her left foot, as well as the aggravation of pre-existing conditions in her left foot which had necessitated a cheilectomy procedure in January 2017.

11. Plaintiff's injuries may have also activated and/or aggravated certain pre-existing medical conditions in her left foot she had prior to the incident at issue in this Complaint.

12. At all relevant times herein, Defendants Lowe's exercised possession and/or control of the premises and the area where Plaintiff slipped and fell.

13. At all relevant times while Plaintiff was on the premises of Defendants Lowe's property, Plaintiff held the status of a business invitee and, thus, was owed the highest duty of care by Defendants Lowe's.

SINAS DRAMIS
LAW FIRM
Since 1951

Lansing, Michigan
Grand Rapids, Michigan
Kalamazoo, Michigan
St. Clair Shores, Michigan
Chicago, Illinois

sinasdramis.com

14. At all relevant times while Plaintiff was on Defendants Lowe's premises, Plaintiff exercised ordinary care and caution and conducted herself in a reasonable and prudent manner.

15. At all relevant times, Defendants Lowe's, by and through their employees and/or agents, negligently allowed their premises to remain in an unsafe and unreasonably dangerous condition, and said condition was caused by the affirmative conduct of Defendants Lowe's employees and/or agents.

16. On the aforementioned date, Defendants Lowe's had a duty to exercise ordinary care and caution in and about the maintenance of the premises described above, and had a duty to keep the same in a reasonably safe condition for Plaintiff and others patronizing Lowe's Home Improvement store.

17. On the aforementioned date, Defendants Lowe's, through the acts of its employees and/or agents, failed to exercise ordinary care and caution in maintaining the premises described above and failed to keep the same in a reasonably safe condition for Plaintiff and others lawfully on said premises.

18. At all times pertinent hereto, Defendants Lowe's were guilty of one or more of the following negligent acts or omissions:

    (a) Failing to ensure that said premises were, at all times, capable of safe use.

    (b) Failing to inspect, maintain, and remedy the premises, so as to ensure it was reasonably safe and fit for its intended, anticipated, and reasonably foreseeable uses and misuses, and that invitees, such as Plaintiff, would not be exposed to unreasonably dangerous conditions.



SINAS DRAMIS
LAW FIRM
Since 1951

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com

(c) Failing to take care not to cause, create, or permit a defective or unreasonably dangerous condition to exist on the premises.

(d) Failing to correct any defect or unreasonably dangerous conditions of which it was aware, or should have been aware.

(e) Failing to warn all those persons upon its premises, and Plaintiff, in particular, of any unsafe condition of which it knew, or should have known.

19. As a direct and proximate result of Defendants Lowe's breach of the aforementioned duties, Plaintiff sustained severe traumatic injuries identified in paragraph 10 which, along with Plaintiff's medical records, are incorporated herein by reference.

20. As a result of the aforementioned injuries, Plaintiff has suffered economic loss in the form of medical expenses and lost wages and will continue to suffer economic loss for medical expenses, lost wages, and/or other services she requires due to the aforementioned injuries.

21. As a result of the aforementioned injuries, Plaintiff has and/or will suffer pain, suffering, humiliation, embarrassment, shock, fright, mental anguish, and other forms of noneconomic damages that she will continue to suffer into the future.

WHEREFORE, Plaintiff Teresa J. Schmidt demands a Judgment against Defendants in whatever amount the trier of fact deems reasonable, plus costs, interest, and applicable attorney fees.



SINAS DRAMIS
LAW FIRM
Since 1951

Lansing, Michigan
Grand Rapids, Michigan
Kalamazoo, Michigan
St. Clair Shores, Michigan
Chicago, Illinois

sinasdramis.com

Respectfully submitted:

**SINAS, DRAMIS, LARKIN, GRAVES & WALDMAN, P.C.**

Attorneys for Plaintiff

By: *Daniel S. Zick* 
Daniel S. Zick (P77950)
3380 Pine Tree Road
Lansing, MI 48911-4207
(517) 394-7500

Dated: July 22, 2020



**SINAS DRAMIS**
LAW FIRM
*Since 1951*

Lansing, Michigan

Grand Rapids, Michigan

Kalamazoo, Michigan

St. Clair Shores, Michigan

Chicago, Illinois

sinasdramis.com